UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN AUTIN** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **20-528-JWD-EWD** |
| **CHEROKEE INSURANCE COMPANY, ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Ryan Autin ("Plaintiff") based upon the injuries he allegedly sustained on September 26, 2019 on Interstate 10 in West Baton Rouge Parish, Louisiana (the "Accident") when Plaintiff's vehicle was rear-ended by the tractor/trailer driven by Defendant Darius Savage ("Savage"), owned by Savage's employer, Defendant Central Hauling Co., ("Central"), and insured by Defendant Cherokee Insurance Company ("Cherokee") (collectively, "Defendants").[1] On July 16, 2020, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Eighteenth Judicial District Court for the Parish of West Baton Rouge.[2] Plaintiff avers that he suffered personal injuries as a result of the Accident, caused by the negligence of Savage, for which Central is vicariously liable.[3] On August 17, 2020, the matter was removed by Defendants to this Court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] R. Doc. 1-4, ¶¶ 2-5, 7-8, 9.
[2] R. Doc. 1-4.
[3] R. Doc. 1-4, ¶¶ 6-7.
[4] R. Doc. 1, ¶ 6.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiff is a domiciliary of East Baton Rouge Parish, Louisiana; Savage is a domiciliary of Georgia; Central is an Arkansas corporation with its principal place of business in Arkansas; and Cherokee is a Michigan insurance corporation with its principal place of business in Michigan;[5] therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[6] The Petition alleges Plaintiff's injuries as follows:

> 9.
>
> As a result of the wreck, RYAN AUTIN sustained personal injuries, including to his neck and back, which have caused and will continue to cause him past and future pain and suffering, mental anguish and distress, loss of enjoyment of life, disability, lost wages and medical expenses, and for which the defendants are solidarily liable to the extent provided by law.[7]

Plaintiff seeks "all damages as are reasonable in the premises," together with legal interest and costs.[8]

In the Notice of Removal, Defendants aver that "Plaintiff produced only limited medical records so far, but those show Plaintiff suffers from neck pain, low back pain, and shoulder pain." Further, Plaintiff's physician ordered a cervical MRI, physical therapy, and epidural steroid injections. Defendants argue that Plaintiff has not stated that his damages are less than $75,000 in his Petition as required by La. C.C.P. art. 893 and has refused to stipulate that his damages are less than $75,000. Finally, Defendants contend that, while they have not received any medical bills

---

[5] R. Doc. 1, ¶¶ 7-8.
[6] *See* 28 U.S.C. §1332(a).
[7] R. Doc. 1-4, ¶ 9.
[8] R. Doc. 1-4, prayer for damages.

yet, "we know from experience that these sort of medical bills add up quickly, and they will support an amount in controversy exceeding $75,000."[9]

The foregoing does not provide enough information to determine if Plaintiff's claims will exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "personal injuries, including to his neck and back" that caused him pain, and demands for general categories of damages (*e.g.*, past and future pain and suffering, disability,[10] mental anguish, lost wages and medical expenses),[11] and the Notice of Removal's similar assertion of Plaintiff's "neck pain, low back pain, and shoulder pain" are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12] Likewise, Plaintiff's cited treatment of a cervical MRI, steroid injections, and physical therapy standing alone do not meet the jurisdictional threshold.[13] Finally, while the lack of an La. C.C.P. art. 893 statement, as well as

---

[9] R. Doc. 1, ¶ 10.
[10] Even allegations of permanent disability (which are not alleged here), standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.")
[11] R. Doc. 1-4, ¶ 9.
[12] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[13] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) (holding that the plaintiff's medical expenses of $7,318 at the time of removal, with the possible additional cost of an MRI, physical therapy treatment, and recommendation for epidural steroid injections, along with several lumbar disc bulges, was not sufficient for federal jurisdiction.) *See also id.,* noting: "Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc

Plaintiff's refusal to stipulate that his damages do not exceed $75,000, are entitled to some consideration, they are not determinative of whether the amount in controversy is met.[14]

In this case, there are no details of the neck, back, and shoulder injuries suffered by Plaintiff, the nature and full extent of Plaintiff's medical treatment thus far, the actual amount of

---

bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. C*o., No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the ... accident.")."

[14] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.). *See also Johnson v. Beale,* No. 18-961, 2019 WL 2150399, at **4-5 (M.D. La. Apr. 24, 2019), *report and recommendation adopted,* No. 18-961, 2019 WL 2144807 (M.D. La. May 16, 2019) (*accord* regarding the lack of an La. C.C.P. art. 893 statement, and further holding that "the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present," *citing Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6994347, at *3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.' ") (citing *Cole,* 2017 WL 1682561, at *5 (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $ 75,000.' Such a refusal 'is but one factor for the court to consider.' ") (internal citation omitted). *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.")).

medical expenses Plaintiff has incurred thus far, whether Plaintiff's injuries are permanent and/or the extent of his vaguely-alleged "disability," or Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery. Defendants candidly admit that they have only received limited medical records from Plaintiff and have not received any information regarding Plaintiff's medical expenses,[15] and Defendants have not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. Defendants' alleged general "know[ledge] from experience"[16] that medical bills and general damages "add up quickly" is wholly insufficient to establish the amount in controversy. There is also no evidence of any settlement demands, discovery responses, lost wages, or relevant documents produced in discovery that would have bearing on the amount in controversy, nor does the Petition demand a jury trial.[17] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

Accordingly,

---

[15] R. Doc. 1, ¶ 10.

[16] R. Doc. 1, ¶ 10.

[17] While a jury trial demand by the plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), report and recommendation adopted, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS ORDERED that, on or before August 31, 2020,** Defendants Darius Savage, Central Hauling Co., and Cherokee Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before September 10, 2020,** Plaintiff Ryan Autin shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, August 19, 2020.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**