## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RYAN AUTIN**                                          **CIVIL ACTION NO.**

**VERSUS**

                                                               **20-528-JWD-EWD**

**CHEROKEE INSURANCE
COMPANY, ET AL.**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RYAN AUTIN**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                  **20-528-JWD-EWD**

**CHEROKEE INSURANCE
COMPANY, ET AL.**

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the Notice of Removal filed by Cherokee Insurance Company, Central Hauling Co., and Darius Savage.[1]  Plaintiff Ryan Autin ("Plaintiff") has not filed a motion to remand; however, for the reasons set forth below, the undersigned *sua sponte* **RECOMMENDS**[2] that this matter be **REMANDED** to the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

## I.    Background

This is a civil action involving claims for damages by Ryan Autin ("Plaintiff") based upon the injuries he allegedly sustained on September 26, 2019 on Interstate 10 in West Baton Rouge Parish, Louisiana (the "Accident") when Plaintiff's vehicle was rear-ended by the tractor/trailer driven by Defendant Darius Savage ("Savage"), owned by Savage's employer, Defendant Central Hauling Co., ("Central"), and insured by Defendant Cherokee Insurance Company ("Cherokee") (collectively, "Defendants").[3]  On July 16, 2020, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Eighteenth Judicial District Court for the Parish of West

---

[1] R. Doc. 1.

[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review."  *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

[3] R. Doc. 1-4, ¶¶ 2-5, 7-8, 9.

Baton Rouge.[4]  Plaintiff avers claims that he suffered personal injuries as a result of the Accident, caused by the negligence of Savage, for which Central is vicariously liable.[5]  On August 17, 2020, the matter was removed by Defendants to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[6]  Plaintiff is alleged to be a domiciliary of East Baton Rouge Parish, Louisiana; Savage is alleged to be a domiciliary of Georgia; Central is alleged to be an Arkansas corporation with its principal place of business in Arkansas; and Cherokee is alleged to be a Michigan insurance corporation with its principal place of business in Michigan; therefore, complete diversity of citizenship exists.[7]  However, and as set forth more fully in the Court's August 19, 2020 Order, the Notice of Removal was deficient because it was not clear whether Plaintiff's damages likely exceed $75,000, exclusive of interest and costs.[8]  Accordingly, the undersigned *sua sponte* ordered Defendants to file a  memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, and for Plaintiff to file either a Notice stating that Plaintiff did not dispute that Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or a Motion to Remand.[9]  The parties filed their supplemental briefs as well as Plaintiff's medical records.  Because the Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional threshold, remand is recommended.

---

[4] R. Doc. 1-4.
[5] R. Doc. 1-4, ¶¶ 6-7.
[6] R. Doc. 1, ¶ 6.
[7] R. Doc. 1, ¶¶ 7-8.
[8] R. Doc. 2.
[9] R. Doc. 2, p. 6.

## II.    Law and Analysis

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[11]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[12]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[13]  The removing party has the burden of proving federal diversity jurisdiction.[14]  Remand is proper if at any time the court lacks subject matter jurisdiction.[15]  The Court has a duty to raise the issue of jurisdiction *sua sponte*.[16]

### B.  Procedural History Relevant to the Amount in Controversy

The Petition alleges Plaintiff's injuries as follows:

> 9.
>
> As a result of the wreck, RYAN AUTIN sustained personal injuries, including to his neck and back, which have caused and will continue to cause him past and future pain and suffering, mental anguish and distress, loss of enjoyment of life, disability, lost wages and medical

---

[10] 28 U.S.C. § 1441(a).

[11] 28 U.S.C. § 1332(a)-(a)(1).

[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[13] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

[14] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[15] *See* 28 U.S.C. § 1447(c).

[16] *Richard v. USAA Casualty Insurance Company,* No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017), *citing Gonzales v. Thaler*, 565 U.S. 134, 141 (2012).

> expenses, and for which the defendants are solidarily liable to the
> extent provided by law.[17]

Plaintiff seeks "all damages as are reasonable in the premises," together with legal interest and costs.[18]

In the Notice of Removal, Defendants stated that "Plaintiff produced only limited medical records so far, but those show Plaintiff suffers from neck pain, low back pain, and shoulder pain." According to Defendants, Plaintiff's physician ordered a cervical MRI, physical therapy, and epidural steroid injections. Defendants contended that Plaintiff had not stated in his Petition that his damages are less than $75,000 as required by La. C.C.P. art. 893, and Plaintiff refused to stipulate that his damages are less than $75,000. Finally, Defendants contended that, even though they had not received any medical bills, "we know from experience that these sort of medical bills add up quickly, and they will support an amount in controversy exceeding $75,000."[19]

In response to the *sua sponte* briefing order, Defendants filed their unopposed Motion to Extend the Deadline to respond to the briefing order by about eight weeks, and for limited discovery regarding the amount in controversy.[20] Defendants contended that "The parties have not yet conducted discovery and for that reason, Defendants are not yet in possession of all of Plaintiff's medical records or other evidence relevant to the amount in controversy."[21] Thus, Defendants admitted that they had not engaged in any discovery prior to removal and sought the extension so that they could conduct limited jurisdictional discovery to obtain information relative to Plaintiff's alleged damages to adequately respond to the briefing Order.[22] Defendants' Motion

---

[17] R. Doc. 1-4, ¶ 9.
[18] R. Doc. 1-4, prayer for damages.
[19] R. Doc. 1, ¶ 10.
[20] R. Doc. 4.
[21] R. Doc. 4, p. 1.
[22] *Id.*

to Extend was denied because "protective" removals are disfavored and Defendants should have conducted the requested discovery while this matter was pending in state court.[23] [24]

Defendants then filed their Memorandum in Support of Diversity Jurisdiction ("Memorandum"), again relying on Plaintiff's neck, back, and shoulder injuries and treatment (*e.g.*, MRIs, physical therapy, and steroid injections), as well as Plaintiff's claims for medical expenses, physical pain and suffering, mental pain and anguish, disability, loss of enjoyment of life and loss of earning capacity.[25] Defendants also rely on additional medical records received from Plaintiff, which were filed under seal.[26] According to Defendants' Fed. R. Evid. 1006 summary, the records provide more details regarding Plaintiff's neck, back, and shoulder injuries and treatment. Specifically, the records reflect that Plaintiff was involved in a prior motor vehicle

---

[23] R. Doc. 5, pp. 2-3. *See id.* at p. 2, *citing Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992), holding that the thirty-day removal period under the first paragraph is triggered only where the initial pleading "*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." (emphasis added) *See also* R. Doc. 5, p. 2, *citing Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 399 (5th Cir. 2013) ("The *Chapman* court… sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. *Id.* Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy. *Id.*") *See also* R. Doc. 5 at p. 3, *citing Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (emphasis added) ("Although these timing rules place the onus of starting the thirty-day clock for removal on the plaintiff (at least when that period is to be triggered by the initial pleading), it remains a removing defendant's burden to establish by a preponderance of the evidence that federal subject matter jurisdiction exists at the time of removal.").

[24] *See* R. Doc. 5, p. 3, *citing Bonvillian v. National Liability and Fire Insurance Company*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) ("[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" (*quoting Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). *See also Nordman v. Kansas City Southern Railway Co.*, No. 08-2025, 2009 WL 976493, at *3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions.").

[25] R. Doc. 7, p. 1

[26] R. Doc. 7, p. 2; R. Doc. 11.

accident that caused neck and back pain, Plaintiff was diagnosed with bulging discs, and Plaintiff underwent MRIs, physical therapy, and facet joint injections over an eight-month period prior to the Accident.[27]   After the Accident, Plaintiff again complained of neck and back pain, was again diagnosed with bulging discs, and again received MRIs, physical therapy, and injections over a nine-month period.[28] The Fed. R. Evid. 1006 summary reflects total medical expenses of $4,569.12.[29]

Plaintiff responded to the briefing Order with his Consent to Removal, stating "Plaintiff…does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. §1332."[30]

### C.   Defendants Have Failed to Establish, By a Preponderance, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[31]   When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[32]   The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[33]   Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional

---

[27] R. Doc. 11, pp. 1-2, *and see in globo* medical records at R. Doc. 11, pp. 6-259.
[28] R. Doc. 11, pp. 3-5, *and see in globo* medical records at R. Doc. 11, pp. 6-259.
[29] R. Doc. 11, p. 5.
[30] R. Doc. 3.
[31] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[32] *Luckett*, 171 F.3d at 298 (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[33] *Luckett*, 171 F.3d at 298 (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[34]

As recognized by Defendants,[35] it is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount. Plaintiff's general allegations of "personal injuries, including to his neck and back" that caused him pain[36] fail to provide any specific details regarding Plaintiff's injuries.  Likewise, Plaintiff's demands for general categories of damages (*e.g.*, past and future pain and suffering, disability,[37] mental anguish, lost wages and medical expenses),[38] are insufficient to establish the amount in controversy.  "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[39] Nor does the Petition provide any information regarding Plaintiff's claimed lost wages or medical expenses.  "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it

---

[34] *De Aguilar*, 47 F.3d at 1412.

[35] R. Doc. 7, p. 4.

[36] R. Doc. 1-4, ¶ 9.

[37] Even allegations of permanent disability (which are not alleged here), standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.  *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case.  *In Palmer v. Wal–Mart Stores, Inc.,* No. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries.  Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

[38] R. Doc. 1-4, ¶ 9.

[39] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

was not 'facially apparent' that the amount of damages would exceed $75,000."[40]  Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000.  Defendants assert that numerous factors support a finding that the requisite amount in controversy is met. First, Defendants rely on Plaintiff's cited treatment of MRIs, steroid injections, and physical therapy; the fact that Plaintiff "is seeing a neurosurgeon" and is continuing to treat "for a significant amount of time;" and, "the fact that [since] Plaintiff already had preexisting cervical issues, it is likely that surgery will be on the table in this case."[41]

The sealed medical records confirm that Plaintiff had the same injuries (*i.e.*, neck and back pain and bulging discs), and underwent essentially the same treatment (*i.e.*, MRIs, physical therapy, pain medication and injections), eight months before and nine months after the Accident.[42] However, these injuries and treatment, even as documented in the records, are not of the severity required to establish that Plaintiff's damages meet the jurisdictional threshold, particularly considering that Plaintiff's past medical expenses amount to only $4,569.12.[43]  Furthermore, despite Defendants' suggestion of a possible surgery at some undetermined time, there was no

---

[40] *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).  *See also Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages.  Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, No. 17-414, 2017 WL5762436, at *3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).
[41] R. Doc. 1, ¶ 10; R. Doc. 7, pp. 2-4.
[42] R. Doc. 11, pp. 1-5, *and see in globo* medical records at R. Doc. 11, pp. 6-259.
[43] R. Doc. 11, p. 5.

recommendation for surgery at the time of removal, nor is there a surgical recommendation in the medical records submitted.[44]  There is ample authority from this Court and others in this Circuit, which has found that removing defendants failed to establish the jurisdictional threshold when alleging similar injuries, treatment, and medical expenses.  *See, e.g., Cole v. Mesilla Valley Transportation,* where this Court held that the plaintiff's medical expenses of $7,318 at the time of removal (which is more than the amount of Plaintiff's medical expenses here), with the possible additional cost of an MRI, physical therapy, and a recommendation for epidural steroid injections, along with several lumbar disc bulges, was not sufficient for federal jurisdiction.[45]  In *Cole,* this Court noted: "Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal."[46]  Even for herniated discs, which it does not appear this Plaintiff has, "[t]his court

---

[44] As of July 17, 2020, when the last medical record is dated, Plaintiff had only undergone physical therapy and one cervical epidural steroid injection related to the Accident.

[45] No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017).

[46] *Cole*, 2017 WL 1682561, at *5, *citing Barrow v. James River Insurance Company*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and bilateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Insurance Company*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the ... accident.").

recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[47] "Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record."[48] In this case, Plaintiff's records only reflect minimal medical expenses and treatment of MRIs, injections, pain medication, and physical therapy,[49] but this type of conservative treatment does not meet the jurisdictional threshold.[50] Further, as Defendants admit, there is no evidence of the amount of Plaintiff's lost wages.[51]

Defendants cite three Louisiana cases allegedly "involving similar allegations and damage claims," which Defendants contend demonstrate that "Plaintiff's claims include types of injuries and categories of damages that readily satisfy the amount in controversy requirement."[52] However, Defendants' cases are all distinguishable: they are not from this Court or from the Louisiana state courts within this Court's jurisdiction and they involve surgeries and evidence of other damages.[53] As noted by the Eastern District, "the defendant must do more than point to a

---

[47] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), *citing Robinson v. Kmart Corp.,* No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011).

[48] *Thomas,* 2016 WL 1317937, at *4, and: *"See, e.g., Hebert v. Hanco Nat. Ins. Co.,* No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff 'suffers from a herniated disc, without any recommendation for surgery' and the plaintiff 'continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish'); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a 'herniated cervical disc [or] segmental cervical instability' and a 'herniated lumbar disc [or] segmental lumbosacral instability' and was a 'potential surgical candidate' and plaintiff stipulated that his damages did not exceed $50,000). There is no evidence in the record that Plaintiff's physicians have recommended him to undergo surgery for his bulging discs.")

[49] R. Doc. 11.

[50] *See Cole,* 2017 WL 1682561, at *5 and cases cited therein and reproduced *supra.* Defendants' alleged general "know[ledge] from experience" that medical bills and general damages "add up quickly," is wholly insufficient to establish the amount in controversy. R. Doc. 1, ¶ 10.

[51] R. Doc. 7, p. 2.

[52] R. Doc. 7, p. 4.

[53] In *Harrington v. Wilson,* 08-544 (La. App. 5 Cir. 1/13/09), 8 So.3d 30, 38, 40-41, the appellate court affirmed a general damage award of $100,000, but the plaintiff had three years of continuous treatment after two consecutive

state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000."[54]

Defendants also rely on Plaintiff's failure to include an La. C.C.P. art. 893(A)(1) statement. However, such failure is insufficient to establish by a preponderance that the amount in controversy in this case is likely to exceed $75,000.00.  Louisiana Code of Civil Procedure article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."  This Court has held that a "plaintiff['s] failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy,"[55] and such failure cannot, without more, carry Defendants' burden of establishing

---

automobile accidents that caused and then exacerbated her injuries, which culminated in a cervical fusion surgery, and there was also evidence of $47,000 in lost wages.  In *Noel v. Wal-Mart Stores, Inc.*, 2004-1113 (La. App. 3 Cir. 2/02/05), 894 So.2d 555, 557-58, 559, the appellate court awarded $75,000 in general damages to the plaintiff who was hit on the head by a box flung from a top shelf by an employee. The plaintiff saw an orthopedic surgeon who ordered a myelogram and CT scan, which showed a bulging disc that compressed the plaintiff's spinal cord and resulted in surgery, as well as a residual disability rating of seven to ten percent to the plaintiff's body as a whole.  In *Bertrand v. Henry,* 2001-348 (La. App. 3 Cir. 12/19/01), 815 So.2d 868, 874, *writ denied,* 2002-0190 (La. 3/28/02), 811 So.2d 945, the appellate court awarded $175,000 in general damages to the plaintiff who sustained a neck injury in a collision with semi-truck driver, which resulted in a prolonged period of conservative care and culminated in cervical fusion surgery.

[54] *Medina v. Johnstone*, No. 17-6351, 2017 WL 3911793, at *4 (E.D. La. Sept. 7, 2017) (*citing De Aguilar*, 47 F.3d at 1412).

[55] *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) (a plaintiff's failure to include an allegation in the state court petition that damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.).  *See also Haydel v. State Farm Mut. Auto. Ins. Co.*, No. 07-939, 2008 WL 2781472, at *5 (M.D. La. July 11, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (*citing Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, No. 06-697, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff does not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount

this Court's subject matter jurisdiction. Likewise, Defendants' reliance on Plaintiff's refusal to stipulate that his damages are less than $75,000 is one factor to consider but is not alone dispositive of the amount in controversy.[56] Plaintiff's refusal to stipulate that his damages are less than $75,000 is insufficient to establish by a preponderance that the amount in controversy in this case is likely to exceed $75,000.[57]

Finally, Defendants point to Plaintiff's Consent to Removal, stating that Plaintiff does not dispute that Defendants have established required amount in controversy.[58] However, the Court has an independent duty to determine if subject matter jurisdiction exists, and the parties cannot confer jurisdiction by agreement or waiver if it does not otherwise exist.[59]

Any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[60] The amount in controversy is not facially apparent from the Petition and Defendants have not met

---

to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy."). *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.")

[56] *See Johnson v. Beale,* No. 18-961, 2019 WL 2150399, at **4-5 (M.D. La. Apr. 24, 2019), *report and recommendation adopted,* No. 18-961, 2019 WL 2144807 (M.D. La. May 16, 2019) ("[T]he failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (*citing Torres v. Mall of Louisiana, LLC,* No. 17-466, 2017 WL 6994347, at *3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (*citing Cole,* 2017 WL 1682561, at *5) (*quoting Lipford v. Boehringer Ingelheim Pharmaceuticals, Inc.,* No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store,* No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $ 75,000.' Such a refusal 'is but one factor for the court to consider.'") (internal citation omitted). *See also Lowe v. State Farm Fire & Cas. Co.,* No. 07-7454, 2008 WL 906311, at *2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.")).

[57] The Petition also does not contain a jury demand. While not dispositive, a demand for trial by jury in Louisiana would at least indicate that Plaintiff believes his damages exceed $50,000. *See* La. C.C.P. art. 1732 and *Batiste v. Stryker Corp.,* No. 19-574, 2020 WL 2245845, at n. 33 (M.D. La. April 22, 2020).

[58] R. Doc. 7, p. 5, *citing* R. Doc. 3.

[59] *See Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir. 1981).

[60] *Gasch,* 491 F.3d at 281-82. *See also* "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno,* 276 F.3d at 723.

their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[61] Accordingly, the undersigned *sua sponte* recommends that this matter be remanded to the Eighteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[62]

## III.    Recommendation

Plaintiff's medical records that were submitted in response to the *sua sponte* order show only conservative treatment totaling less than $5,000 and no surgical recommendation for an accident that occurred over a year ago.  The removing defendants did not provide any evidence of the amount of lost wages.  Under these facts, the lack of a La. C.C.P. art. 893 allegation, Plaintiff's failure to stipulate, and Plaintiff's purported consent to removal are insufficient to establish the Court's subject matter jurisdiction.  As doubts about the propriety of removal are resolved in favor of remand, it is the *sua sponte* recommendation of the Magistrate Judge that this matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on December 7, 2020.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[61] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount."  *Medina v. Allstate Vehicle & Prop. Ins. Co.,* 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).
[62] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.